SLATER *et al. v.* McGUIRE.

(*Supreme Court, General Term, Second Department.* December 14, 1891.)

PRACTICE IN CIVIL CASES—DISMISSAL OF COMPLAINT.
    In an action against a wife to recover on a written contract made by her husband for the erection of a building on her land, there was evidence that the plans were prepared at the suggestion of defendant, and accepted by her, and that she personally directed the work; all of which was denied by her. She testified without contradiction that her husband contracted without her authority and against her will. *Held,* that it was error to dismiss the complaint, as the jury might disregard defendant's testimony, which was inconsistent with other evidence in the case.

Appeal from circuit court, Westchester county.

Action by William G. Slater and others against Hannah McGuire to recover on a contract for the erection of a building on defendant's premises. Plaintiffs appeal from a judgment of nonsuit, and from an order denying a motion for a new trial. Reversed.

The agreement for the erection of the house was made in writing by William McGuire, husband of defendant. It appeared at the trial that defend-

ant and her husband lived in a cottage adjoining the premises in question during the work of erecting the building thereon under the contract, which occupied three or four months' time. Plaintiffs' witnesses testified that defendant, during the construction, was frequently on the premises, and gave directions as to the manner in which the work should be performed; that the plans and specifications were drawn at her request, and accepted by her after changes made at her suggestion; all of which was denied by her. She further testified that her husband contracted for the building without her authority, against her will, and on his own credit, and was not directly contradicted.

Argued before DYKMAN and PRATT, JJ.

*Daniel Haight,* for appellants. *Norman A. Lawlor,* for respondent.

PRATT, J. The motion for nonsuit at close of plaintiffs' case was properly denied. The plaintiffs had proved that the plans of the house were prepared to suit the defendant, numerous alterations being made for that purpose; and that she personally directed the erection of the house, her presence being almost constant. The testimony was ample to justify the jury in finding that the husband acted for the wife, with full authority, in contracting; and the proof would abundantly sustain a finding that the act of the husband in making the contract was ratified by the wife, if any doubt existed as to the original authority. Thereafter the defendant testified in her own behalf, to the effect that her husband contracted without her authority, and against her will. The circuit judge then dismissed the complaint, upon the ground, apparently, that her testimony, not being contradicted, must be taken as true. This, we think, was error. The defendant being a party in interest, the jury might disregard her testimony if it was judged unworthy of belief. It was not reconcilable with that of other witnesses, of whom one, at least, was not interested in the action. The jury might hesitate to believe that defendant's disapproval of the building could have been successfully concealed during the considerable time required for the erection. A new trial should be ordered, costs to abide event.